

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| JAMES ARTHUR NESBITT,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN, LEROY CARTLEDGE,<br>　　　　Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 9:13-2980-MGL-BM<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITIONER'S HABEAS PETITION

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 5, 2014, and the Clerk of Court entered Petitioner's objections on November 7, 2014. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

On January 7, 2008, Petitioner pled guilty in state court to possession of cocaine, possession with intent to distribute (PWID) heroin, and two counts of distribution of heroin. The state court sentenced Petitioner to ten years for possession of cocaine, twenty-two years for PWID heroin, and twenty-two years for each count of distribution of heroin, with each of the sentences to run concurrently.

Although Petitioner failed to file a direct appeal, he did file an Application for Post-Conviction Relief (PCR), which the state court denied. Petitioner filed an appeal of that denial, but the South Carolina Court of Appeals denied certiorari. He then filed his § 2254 petition with this Court. As is relevant here, he later filed an Amended Petition setting forth the following allegations:

> **Ground One:** The PCR court unreasonably applied the *Strickland* test when it failed to find plea counsel ineffective in his investigation.
>
> **Ground Two:** The South Carolina Court of Appeals erred in dismissing Petitioner's *Johnson* petition without ruling on the Sixth Amendment violation.
>
> **Ground Three:** The PCR court erred in failing to find plea counsel ineffective for not insuring that Petitioner's guilty plea was knowingly, voluntarily and intelligently entered into.
>
> **Ground Four:** The PCR court [erred by] denying the Petitioner's open court motion for continuance.
>
> **Ground Five:** PCR counsel was ineffective during the course of Petitioner's collateral attack on his guilty plea conviction and sentence, which is a denial of due process of law.

Amended Petition 6, 8-9, 11, Attachment to Petition 23.

As to Grounds One and Three, Petitioner's two ineffective assistance of trial counsel claims, the Magistrate Judge asserts that Petitioner failed to submit any evidence at the PCR hearing demonstrating "that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court." Report 17-18.  He further notes that Petitioner neglected to present any "evidence to show that counsel was ineffective for failing to further investigate, interview the confidential informant, or insuring that Petitioner's guilty plea was knowingly, voluntarily, and intelligently entered." *Id*. (citations omitted).  According to the Magistrate Judge, "[t]he record shows that Petitioner chose to plead guilty, and that he did so freely and voluntarily. Therefore, these issues are without merit and should be dismissed." *Id*. (citations omitted).  The Court agrees.

The Court will "grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings in only two instances:  (1) when such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) or (2) when the adjudication  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2).  "A state court decision is contrary to clearly established federal law if the state court 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law' or 'decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'"  *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 364-65 (2000)).  "A state court decision unreasonably applies clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that

3

principle to the facts of the prisoner's case." *Id.*   (quoting *Williams*, 529 U.S. at 407).  The Court will "accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence." *Id.*  "[T]he historical facts underlying [guilty] pleas are entitled to deference." *Sargent v. Waters*, 71 F.3d 158, 160 (4th Cir, 1995).

Simply put, "the burden of proof in a habeas corpus proceeding is on the petitioner." *Smith v. N.C.*, 528 F.2d 807, 809 (4th Cir. 1975).  But in this case, as exhaustively detailed in the Report, Petitioner failed to satisfy his burden.  Consequently, the claims in Grounds One and Three will be dismissed.

Regarding Petitioner's argument in Ground Two that the South Carolina Court of Appeals erred in dismissing his *Johnson* petition without ruling on his alleged Sixth Amendment violation, the Magistrate Judge opined that, although "Petitioner attempts to argue that this alleged error is a violation of his constitutional rights, no federal violation has been shown and Petitioner has therefore failed to show a violation of his federal constitutional rights."  Report 18.  The Court concurs.  "A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the States . . . to follow any particular federal model in those proceedings."  *Murray v. Giarratano*, 492 U.S. 1, 13 (1989) (O'Connor, J., concurring).  Thus, the Court will dismiss this claim.

As to Petitioner's fourth contention, which concerns an alleged error by the PCR court in failing to grant his motion for a continuance, the Magistrate Judge advises the Court to dismiss this claim because "alleged infirmities in Petitioner's state PCR proceeding . . . are not a [proper] basis for federal habeas relief."  Report 17.  He is correct.  The Fourth Circuit has long held that "claims

of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. State of Md.*, 848 F.2d 492, 493 (4th Cir. 1988). Thus, the Court will dismiss this claim.

Finally, regarding Petitioner fifth claim that his "PCR counsel was ineffective during the course of Petitioner's collateral attack on his guilty plea conviction and sentence, which is a denial of due process of law," Attachment to Petition 23, the Magistrate Judge states that "Petitioner has no claim for ineffective assistance of PCR counsel," Report 19, and thus proposes that the Court dismiss this claim. The Court agrees. Section 2254(I) specifically provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." 28 U.S.C. § 2254(I). Therefore, the Court will dismiss this claim, as well.

Petitioner's objections to the Report contain nothing more than conclusory statements and arguments that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's treatment of those issues, it need not set forth any additional analysis here.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists

would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 14th day of November, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.